IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Constance L. Lapham<br>　　　　　　Debtor(s) | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>　　　　　　Movant<br>vs. | NO. 22-11004 MDC |
| Constance L. Lapham<br>　　　　　　Debtor(s)<br><br>Warren Lapham<br>　　　　　　Co-Debtor<br><br>Kenneth E. West<br>　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,723.40**, which breaks down as follows:

Post-Petition Payments:　　　July 2022 through September 2022 at $1,561.80 /month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears　　$5,723.40**

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

　　a) Debtor shall submit a substantially complete written loss mitigation application on or before September 30, 2022.

　　b) Debtor shall obtain a trial modification by December 1, 2022.

　　c) Debtor shall obtain a permanent modification by April 1, 2023.

3. Additionally, beginning on October 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline and/or Debtor receives of a denial of the loss mitigation application, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 21, 2022          /s/ Denise Carlon, Esquire
                                  Denise Carlon, Esquire
                                  Attorney for Movant

Date: OCT 13, 22                  _____
                                  Joseph F. Claffy, Esquire
                                  Attorney for Debtor(s)

                                  No Objection
                                  /s/ LeeAne O. Huggins
Date: October 15, 2022            _____
                                  Kenneth E. West, Esquire
                                  Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.


                                  _____
                                  Bankruptcy Judge
                                  Magdeline C. Coleman