United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-11004-mdc |
| Constance L. Lapham | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 18, 2022 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Constance L. Lapham, 25 Dutton Farm Lane, West Grove, PA 19390-9473 |
| cr | + | US Bank Trust National Association, Not In Its Ind, Padgett Law Group, 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312-3858 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Oct 19 2022 00:02:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 19 2022 00:02:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |

District/off: 0313-2 | User: admin | Page 2 of 2

Date Rcvd: Oct 18, 2022 | Form ID: pdf900 | Total Noticed: 4

DENISE ELIZABETH CARLON
on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkgroup@kmllawgroup.com

JOSEPH F. CLAFFY
on behalf of Debtor Constance L. Lapham claffylaw@outlook.com claffylaw@aol.com;claffylawecf@gmail.com

JOSHUA I. GOLDMAN
on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust Josh.Goldman@padgettlawgroup.com, angelica.reyes@padgettlawgroup.com

KARINA VELTER
on behalf of Creditor CSMC 2021-JR1 TRUST c/o Select Portfolio Servicing Inc. kvelter@hoflawgroup.com, ckohn@hoflawgroup.com

KENNETH E. WEST
on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com philaecf@gmail.com

KENNETH E. WEST
ecfemails@ph13trustee.com philaecf@gmail.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

Case 22-11004-mdc    Doc 44    Filed 10/20/22    Entered 10/21/22 00:31:40    Desc Imaged
Certificate of Notice    Page 2 of 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Constance L. Lapham<br>      Debtor(s) | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>      Movant<br>vs. | NO. 22-11004 MDC |
| Constance L. Lapham<br>      Debtor(s) | 11 U.S.C. Section 362 |
| Warren Lapham<br>      Co-Debtor | |
| Kenneth E. West<br>      Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,723.40**, which breaks down as follows;

Post-Petition Payments:         July 2022 through September 2022 at $1,561.80 /month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears     $5,723.40**

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall submit a substantially complete written loss mitigation application on or before September 30, 2022.

   b) Debtor shall obtain a trial modification by December 1, 2022.

   c) Debtor shall obtain a permanent modification by April 1, 2023.

3. Additionally, beginning on October 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline and/or Debtor receives of a denial of the loss mitigation application, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 21, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant

Date: OCT 13, 22

Joseph F. Claffy, Esquire
Attorney for Debtor(s)

No Objection
/s/ LeeAne O. Huggins

Date: October 15, 2022

Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this __18th__ day of __October__ 2022. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge